IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA J. MURPHY, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE INTERNATIONAL DRUIDIC | : | |
| SOCIETY, et al. | : | NO. 13-511 |

MEMORANDUM

Bartle, J.                                            June 28, 2013

   Plaintiff Patricia J. Murphy, individually and as administrator for the estate of Edward Turner, has sued defendants The International Druidic Society, Judy Ellen Taylor, Steven Turner, Allen Turner, Russell Turner, Jamie Taylor, and Marlow Taylor.  Murphy has alleged racketeering under 18 U.S.C. § 1961 et seq. as well as various state law claims.  Subject matter jurisdiction exists under 28 U.S.C. § 1331.  Before the court is the motion of plaintiff for permission to serve interrogatories on certain served defendants[1] to learn the whereabouts of unserved defendants[2] and for an extension of time to serve those defendants.

   Rule 26(d)(1) of the Federal Rules of Civil Procedure provides:

> *Timing*.  A party may not seek discovery
> from any source before the parties have
> conferred as required by Rule 26(f),
> except in a proceeding exempted from

---

[1] Plaintiff has identified the served defendants as Jamie Taylor, Judy Ellen Taylor, Steven Turner, and Marlow Taylor.

[2] The unserved defendants referenced in the motion are Allen Turner, Russell Turner, and International Druidic Society, Inc.

>     initial disclosure under Rule 26(a)(1)(B),
>     or when authorized by these rules, by
>     stipulation, or by court order.

With regard to a request for expedited discovery, it is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. <u>Barbieri v. Wells Fargo & Co.</u> No. 09-3196, 2012 WL 3089373, at *3 (E.D. Pa. July 27, 2012)(internal quotations omitted).

The courts in this Circuit generally apply a "good cause" or "reasonableness" standard in determining whether to grant expedited discovery in order to identify unknown defendants. <u>See</u> <u>id.</u> Courts consider whether:

>     (1) the plaintiff can identify the missing
>     party with sufficient specificity such
>     that the Court can determine that
>     defendant is a real person or entity who
>     could be sued in federal court; (2) the
>     plaintiff has identified all previous
>     steps taken to locate the elusive
>     defendant; (3) the plaintiff's suit
>     against defendant could withstand a motion
>     to dismiss; and (4) the plaintiff has
>     demonstrated that there is a reasonable
>     likelihood of being able to identify the
>     defendant through discovery such that
>     service of process would be possible.

<u>Third Degree Films, Inc. v. Does 1-131</u>, 280 F.R.D. 493, 499 (D. Ariz. 2012)(citations omitted). <u>See</u> <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).

We focus on the third factor, that is whether or not a complaint would withstand a motion to dismiss. We have already granted the motion of three properly served defendants[3] to

---

[3] These defendants are Jamie Taylor, Judy Ellen Taylor, and Steven Turner.

dismiss for failure to state a federal claim and have dismissed without prejudice the supplemental state law claims against those defendants under 28 U.S.C. § 1367.  See <u>Murphy, et al. v. Int'l Druidic Soc'y, et al.</u>, No. 13-511, 2013 WL 3091277 (E.D. Pa. June 20, 2013).  After reviewing the complaint, the allegations against the unserved defendants are no different.  Since the federal claim against the unserved defendants cannot survive, the motion of the plaintiff for expedited discovery and for an extension of time to serve those unserved defendants will be denied.